UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAUN A. KALER,

      Petitioner,

v.                                   Case No. 8:08-cv-1731-T-23MAP

SECRETARY, Department of Corrections,

      Respondent.

_____/

## O R D E R

      Kaler petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and

challenges his conviction on a thirteen-count information.  A jury convicted Kaler for

three counts of aggravated assault on a law enforcement officer and one count each of

burglary and possession of burglary tools. Three months later Kaler pleaded guilty to

seven other counts of burglary and one count of grand theft.  Kaler serves fifteen years

as a parolee releasee re-offender.  Kaler asserts no challenge to the plea-based

convictions.  Numerous exhibits ("Respondent's Exhibit __") support the response.

(Doc. 9)  The respondent admits the petition's timeliness.  (Response at 7 Doc. 9)

## FACTS[1]

      Kaler was identified as a suspect in a series of burglaries.  The special

investigations unit in the St. Petersburg Police Department started monitoring Kaler and

his van.  Around 3:00 a.m. on April 25, 2004, four plain-clothes officers in un-marked

---

[1]  This summary of the facts derives from Kaler's and respondent's briefs on direct appeal.
(Respondent's Exhibit 1 and 2)

police cars followed the van to a strip mall and observed Kaler pry open the back door of

a restaurant.  After Kaler and his co-defendant entered the business, the officers

established a security perimeter to arrest both burglars.  The co-defendant exited first

and was arrested without incident.  Threatening to use a crowbar as a weapon, Kaler

attempted to flee arrest but eventually surrendered.

### STANDARD OF REVIEW

       The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs

this proceeding.  Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998),

cert. denied, 531 U.S. 840 (2000).  Section 2254(d), which creates a highly deferential

standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law,
> > as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in
> > the State court proceeding.

       In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted

this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal
> habeas court to grant a state prisoner's application for a writ of habeas
> corpus with respect to claims adjudicated on the merits in state court.  Under
> § 2254(d)(1), the writ may issue only if one of the following two conditions is
> satisfied--the state-court adjudication resulted in a decision that (1) "was
> contrary to . . . clearly established Federal Law, as determined by the
> Supreme Court of the United States," or (2) "involved an unreasonable
> application of . . . clearly established Federal law, as determined by the

Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one."  Bell v. Cone, 535 U.S. at 694.  "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786-87 (2011).  Accord Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").  The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."  Williams v. Taylor, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case.  "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693  (2002).  Federal courts must afford due deference to a state court's decision.  "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle

to second-guess the reasonable decisions of state courts." <u>Renico v. Lett</u>, _____ U.S.

_____, 130 S. Ct. 1855, 1866 (2010).  <u>See</u> <u>also</u> <u>Cullen v. Pinholster</u>, ___ U.S. ___, 131 S.

Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for

evaluating state-court rulings, which demands that state-court decisions be given the

benefit of the doubt' . . . .") (citations omitted).

In a <u>per</u> <u>curiam</u> decision without a written opinion the state appellate court

affirmed Kaler's convictions and sentences on direct appeal.  (Respondent's Exhibit 3)

Similarly, in another <u>per</u> <u>curiam</u> decision without a written opinion the state appellate

court affirmed the denial of Kaler's subsequent Rule 3.850 motion to vacate.

(Respondent's Exhibit 13)  The state appellate court's <u>per</u> <u>curiam</u> affirmances warrant

deference under Section 2254(d)(1) because "the summary nature of a state court's

decision does not lessen the deference that it is due." <u>Wright v. Moore</u>, 278 F.3d 1245,

1254 (11th Cir.), <u>reh'g</u> <u>and</u> <u>reh'g</u> <u>en</u> <u>banc</u> <u>denied</u>, 278 F.3d 1245 (2002), <u>cert.</u> <u>denied</u> <u>sub</u>

<u>nom</u> <u>Wright v. Crosby</u>, 538 U.S. 906 (2003).  <u>See</u> <u>also</u> <u>Richter</u>, 131 S. Ct. at 784-85

("When a federal claim has been presented to a state court and the state court has

denied relief, it may be presumed that the state court adjudicated the claim on the merits

in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state

court.

We now hold that review under § 2254(d)(1) is limited to the record that
was before the state court that adjudicated the claim on the merits.  Section
2254(d)(1) refers, in the past tense, to a state-court adjudication that
"resulted in" a decision that was contrary to, or "involved" an unreasonable
application of, established law.  This backward-looking language requires
an examination of the state-court decision at the time it was made.  It

> follows that the record under review is limited to the record in existence at
> that same time, i.e., the record before the state court.

Pinholster, 131 S. Ct. at 1398.  Kaler bears the burden of overcoming a state court

factual determination by clear and convincing evidence.  "[A] determination of a factual

issue made by a State court shall be presumed to be correct.  The applicant shall have

the burden of rebutting the presumption of correctness by clear and convincing

evidence."  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to a finding

of fact but not to a mixed determination of law and fact.  Parker v. Head, 244 F.3d 831,

836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001).  The state court's rejection of Kaler's

post-conviction claims warrants deference in this case.  (Orders Denying Motion for

Post-Conviction Relief, Respondent's Exhibits 6 and 9)

## INEFFECTIVE ASSISTANCE OF COUNSEL

Kaler asserts seven claims of ineffective assistance of counsel, a difficult claim to

sustain.  "[T]he cases in which habeas petitioners can properly prevail on the ground of

ineffective assistance of counsel are few and far between."  Waters v. Thomas, 46 F.3d

1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th

Cir. 1994)).  Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective

assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled
> and well documented.  In Strickland v. Washington, 466 U.S. 668, 104
> S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a
> two-part test for analyzing ineffective assistance of counsel claims.
> According to Strickland, first, the defendant must show that counsel's
> performance was deficient.  This requires showing that counsel made
> errors so serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second, the
> defendant must show that the deficient performance prejudiced the
> defense.  This requires showing that counsel's errors were so serious as to

> deprive the defendant of a fair trial, a trial whose result is reliable.
> Strickland, 466 U.S. at 687, 104 S. Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice. Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds.").  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.  "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690.  Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Kaler must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92.  To meet this burden, Kaler must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91.  Kaler cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done.
> Nor is the test even what most good lawyers would have done.  We ask
> only whether some reasonable lawyer at the trial could have acted, in the
> circumstances, as defense counsel acted at trial . . . .  We are not
> interested in grading lawyers' performances; we are interested in whether
> the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Kaler must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  In determining "reasonableness," a federal petition for the writ of habeas corpus authorizes an independent assessment of "whether the

state habeas court was objectively reasonable in its Strickland inquiry" but not an independent assessment of whether counsel's actions were reasonable. Putnam v. Head, 268 F.3d 1223, 1244 n.17 (11th Cir. 2001), cert. denied, 537 U.S. 870 (2002). Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Richter, 131 S. Ct. at 788. See also Pinholster, 131 S. Ct. at 1410 (A petitioner must overcome this "'doubly deferential' standard of Strickland and the AEDPA."), and Johnson v. Sec'y, Dep't of Corr., 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

Although the state court's order omits citing Strickland as the standard for an ineffective assistance of counsel claim, no explicit citation is required. A state court need not cite Supreme Court precedent (or even be aware of it) if the decision is consistent with the precedent. Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y of Dep't of Corr., 331 F.3d 764, 775-86 (11th Cir. 2003). In Florida, Strickland governs an ineffective assistance of counsel claim. Walls v. State, 926 So.2d 1156 (Fla. 2006). The state post-conviction court analyzed Kaler's ineffective assistance of counsel claims consistent with Strickland by requiring proof of both deficient performance and prejudice. Consequently, Kaler must show that the state court's ruling was either an unreasonable application of Strickland's principle or an unreasonable determination of the facts. The

presumption of correctness and the highly deferential standard of review requires that

the analysis of each claim begin with the state court's analysis.

Ground One:

      Kaler alleges that trial counsel was ineffective for failing to object to a letter from

the Department of Corrections, which letter showed that Kaler qualified as a prison

releasee re-offender.  The state post-conviction court rejected this claim as follows

(Respondent's Exhibit 6 at 85):

> Defendant alleges that counsel was ineffective for failing to object to the
> letter submitted by the State Attorney from the Department of Corrections,
> which established that Defendant qualified as prison releasee reoffender.
> Defendant alleges that counsel should have objected because the letter
> from the DOC was hearsay, was not self-authenticating, and did not fall
> into any exception to the hearsay rule.  Defendant's claim is facially
> insufficient as he fails to allege prejudice.  Defendant does not allege that
> he does not qualify as a PRR only that counsel did not object to the proof
> offered by the State.  Had counsel objected the State would have provided
> further proof that Defendant qualified as a PRR so Defendant was not
> prejudiced, but for the actions of counsel, the outcome would not have
> been different.  This claim is denied.

      The state court determined that Kaler fails to show prejudice.  Florida's prison

releasee re-offender statute, § 775.082(9), establishes an enhanced sentence for

someone who commits an enumerated offense within three years of release from the

Florida Department of Corrections ("DOC").  The prosecutor presented a letter

(Respondent's Exhibit 15, vol. I at 16) from the DOC showing that Kaler was released

from prison on June 14, 2003.[2]  Less than a year later Kaler was arrested while

committing the offenses he challenges in his federal petition.  The state court reasonably

determined that Kaler fails to show prejudice.

---

    [2]  The website for the DOC verifies this date.

Ground Two:

Kaler alleges that trial counsel was ineffective for failing to advise him that he could move to recuse the trial judge.  The state post-conviction court rejected this claim as follows (Respondent's Exhibit 6 at 85):

> Defendant alleges that counsel was ineffective for failing to ask Defendant whether he wanted Judge Downey recused from his case.  Defendant alleges that had counsel informed him of the misconduct that Judge Downey was accused of and his right to have the judge recused he would have had Judge Downey recused.  Defendant's claim is facially insufficient as he fails to allege how he was prejudiced and how the outcome of the trial would have been different but for counsel's ineffective assistance.  This claim is denied.

The state court determined that Kaler fails to show prejudice.  Kaler cites allegations of judicial misconduct reported in the local newspaper (Appendix F attached to the petition), but asserts no judicial bias against him.  Consequently, the state court reasonably determined that Kaler fails to show prejudice.

Ground Three:

Kaler alleges that trial counsel was ineffective for failing to suppress the crowbar as "fruits" of an illegal arrest.  The state post-conviction court rejected this claim as follows (Respondent's Exhibit 9 at 2) (citations to the record omitted):

> Defendant alleges that counsel was ineffective for failing to file a motion to suppress the crowbar evidence and failing to object to the admission of that evidence at trial as the fruits of an unlawful arrest.  Defendant alleges that counsel should have filed a motion to suppress because the officers who arrested him were outside of their jurisdiction as they were St. Petersburg Police Officers and he was arrested in Kenneth City.  The State properly argues that Defendant's claim is without merit as a motion to suppress would not have been successful and Defendant was not prejudiced.  See Ramos v. State, 559 So. 2d 705 (Fla. 4th DCA 1990).
>
> The grounds upon which the Defendant alleges a motion to suppress was that the St. Petersburg police officers were outside of their jurisdiction

however, police officer's can conduct a lawful investigation outside their jurisdiction if the subject matter of that investigation originated in their own jurisdiction. <u>See</u> <u>State v. Price</u>, 589 So. 2d 1009 (Fla. 4th DCA 1991). In the Defendant's case, the subject matter of the investigation was a restaurant burglary, which originated in St. Petersburg. The State explained that there had been a string of robberies and burglaries to restaurants and the police developed Defendant and others as suspects and had them under surveillance from St. Petersburg to Kenneth City, where the police witnessed the start of another crime. As the subject matter of the investigation began in their jurisdiction, the police were able to conduct a lawful investigation and the evidence would not have been suppressed. The State further argues that since the officers witnessed the Defendant in the commission of a crime they could lawfully arrest the Defendant via a citizen's arrest. The officers without the use of the "color of their office" powers, observed from their car the Defendant and others pry open the door of a restaurant, a scene that could easily have been observed by a private citizen. <u>See</u> <u>Phoenix v. State</u>, 455 So. 2d 1024 (Fla. 1984). As the motion to suppress would not have prevailed this claim is denied.

The state court determined that Kaler fails to show prejudice because a "motion to suppress would not have prevailed." This claim of ineffective assistance of counsel is based on a matter of state law—whether the officers could arrest Kaler outside of their city limits. The state post-conviction court ruled that, as a matter of state law, the officers could legally arrest Kaler and "the evidence would not have been suppressed." Consequently, the state court reasonably determined that Kaler fails to show prejudice.

<u>Ground Four</u>:

Kaler alleges that trial counsel was ineffective for failing to investigate photographs of the crime scene. The state post-conviction court rejected this claim as follows (Respondent's Exhibit 6 at 85-86) (citations to the record omitted):

Defendant alleges that counsel was ineffective for failing to investigate crime scene photos taken by technician Sofia Cresente of the St. Petersburg Police Department, as well as the photo that he provided to counsel. Defendant alleges that had counsel admitted to evidence these crime scene photos this evidence would rebut the testimony of the four law

enforcement officers who testified that there was adequate lighting. Defendant alleges that counsel should have used these photos to prove that Defendant did not know that the men outside of the restaurant were law enforcement due to poor lighting conditions. This claim is without merit. The four St. Petersburg Police Department [officers] testified that they repeatedly informed Defendant that they were the police and asked him to put the crowbar down. Furthermore, had counsel produced this evidence the State could have co-defendant Ross Hoffman testify that he heard the officers tell Defendant that they were the police and for him to put his weapon down. Due to the other evidence that Defendant knew that the individuals waiting for him outside the restaurant were in fact law enforcement officers Defendant was not prejudiced by counsel not submitting photos into evidence as the outcome of the trial would not have been different. This claim is denied.

The state court determined that Kaler fails to show prejudice. Kaler shows no basis for believing that the jury would have found him not guilty if counsel had submitted the photographs. Additionally, determining what evidence to introduce is a strategic decision left to counsel's discretion. See e.g., Dingle v. Sec'y, Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) ("Even if counsel's decision [to not present certain evidence] appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"), quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983). The state court reasonably determined that Kaler fails to show that trial counsel's representation was ineffective assistance.

Ground Five:

Kaler alleges that trial counsel was ineffective for failing to object to hearsay testimony. The state post-conviction court rejected this claim as follows (Respondent's Exhibit 6 at 86):

Defendant alleges that counsel was ineffective for failing to object to hearsay evidence and thereby gave the State a tactical advantage.

- 12 -

Defendant's claim is without merit.  Defendant alleges that counsel was
ineffective for failing to object to Sergeant Mandakis' testimony that one of
the officers around the front told him later that he flashed a flashlight in the
front window.  Defendant alleges that had counsel objected to this
testimony it would have prevented the State from mentioning a flashlight
during closing arguments and would have changed the outcome of the trial.
Had counsel objected to Sergeant Mandakis' testimony the State would
have rephrased the question and the same information would have come
into evidence.  Defendant has failed to meet the burden that but for
counsel's failure to object the outcome of the trial could have been
different.  See State v. Bouchard, 922 So. 2d 424 (Fla. 2d DCA 2006).
This claim is denied.

The state court determined that Kaler fails to show prejudice.  Kaler presents no

basis for rejecting the state court's determination that, if counsel had objected, the

prosecutor could have re-phrased the question and introduced the evidence.  The state

court reasonably determined that Kaler fails to show that trial counsel's representation

was ineffective assistance.

Ground Six:

Kaler alleges that trial counsel was ineffective for failing to investigate a potential

witness—specifically Kaler's co-defendant—who could have provided exculpatory

testimony.  The state post-conviction court rejected this claim as follows (Respondent's

Exhibit 6 at 87):

Defendant alleges that counsel was ineffective for failing to investigate a
potential witness who would have provided exculpatory evidence.
Defendant alleges that counsel should have investigated the co-defendant
Ross Hoffman as well as the co-defendant's medical records.  Defendant's
claim is without merit.  The medical condition of the co-defendant was of no
evidentiary value and does not tend to prove or disprove that Defendant
assaulted the law enforcement officers.  Since the medical records were of
no evidentiary value counsel was not ineffective for not placing them into
evidence.  Furthermore, co-defendant in his deposition stated that he did
not receive any medical care for his injuries so there would be no medical
records to review.  Co-defendant Hoffman also stated that he was on the
ground and did not see Defendant after he came outside of the restaurant.

- 13 -

Co-defendant's testimony would not change the outcome of the trial and may have even harmed Defendant's case as he stated that he knew the people outside the restaurant were police officers and that they stated this several times to himself and the Defendant.  This claim is denied.

The state court determined that Kaler fails to show either deficient performance or prejudice in counsel's decision to not present the testimony of Kaler's co-defendant. Deciding whether to present the testimony of a specific witness is left to trial counsel's discretion.  Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) ("Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess.") (en banc); Blanco v. Singletary, 943 F.2d 1477, 1495 (11th Cir. 1991) ("The decision as to which witnesses to call is an aspect of trial tactics that is normally entrusted to counsel.").  Kaler speculates about his co-defendant's expected testimony.  To prove that counsel's failure to call a certain witness was ineffective assistance, Kaler must present more than his speculation about the proposed testimony.  "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit.  A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim."  United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted).  The state court reasonably determined that Kaler fails to show that counsel rendered ineffective assistance.

Ground Seven:

Kaler alleges that the cumulative effect of trial counsel's errors "prejudiced the outcome of his trial."  The state post-conviction court rejected this claim as follows (Respondent's Exhibit 9 at 2):

Defendant alleges that the cumulative errors of counsel and lack of pre-trial preparation and investigation prejudiced him and relies on the above nine claims to support this claim. [Because t]he court has found that counsel was not ineffective in his representation there can be no cumulative error when no valid allegation of individual error is made. Downs v. State, 740 So. 2d 506, 509 (Fla. 1999). This claim is denied.

The state court's rejection of Kaler's "cumulative errors" claim is consistent with federal precedent. See e.g., Conklin v. Schofield, 366 F.3d 1191, 1210 (11th Cir. 2004) ("[T]he court must consider the cumulative effect of [the alleged errors] and determine whether, viewing the trial as a whole, [petitioner] received a fair trial as is [his] due under our Constitution."); Mullen v. Blackburn, 808 F.2d 1143, 1147 (5th Cir. 1987)[3] ("Mullen cites no authority in support of his assertion, which, if adopted, would encourage habeas petitioners to multiply claims endlessly in the hope that, by advancing a sufficient number of claims, they could obtain relief even if none of these had any merit. We receive enough meritless habeas claims as it is; we decline to adopt a rule that would have the effect of soliciting more and has nothing else to recommend it. Twenty times zero equals zero."); United States v. Barshov, 733 F.2d 842, 852 (11th Cir. 1984) ("Without harmful errors, there can be no cumulative effect compelling reversal."), cert. denied 469 U.S. 1158 (1985). The state court reasonably determined that Kaler fails to show that counsel rendered ineffective assistance.

Rule 11(a), Rules Governing Section 2254 Cases, requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As stated in Slack v. McDaniel, 529 U.S. 473, 483-84 (2000):

_____

[3] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

- 15 -

To obtain a COA under § 2254(c), a petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"  Barefoot, supra, at 893, and n.4, 102 S. Ct. 3383 ("sum[ming] up" the "substantial showing" standard).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in Barefoot, supra, at 893, and n.4, 102 S. Ct. 3383 . . . .

An applicant need not show probable success on appeal, but the issuance of a certificate of appealability entails more than "mere good faith" or only the "absence of frivolity."  As stated in Miller-El v. Cockrell, 537 U.S. 322, 338 (2003):

We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus.  Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.  As we stated in Slack [v. McDaniel, 529 U.S. 473 (2000)], "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  529 U.S. at 484, 120 S. Ct. 1595.

Kaler's petition for the writ of habeas corpus was denied on the merits.  Because jurists of reason would not fairly debate whether the petition states a valid claim of the denial of a constitutional right, a certificate of appealability is unwarranted.

Accordingly, Kaler's petition for the writ of habeas corpus (Doc. 1) is **DENIED**.  A certificate of appealability is **DENIED**.  Kaler must pay the full $455 appellate filing fee

without installments unless the circuit court allows Kaler to proceed in forma pauperis.

The clerk shall enter a judgment against Kaler and close this case.

ORDERED in Tampa, Florida, on August 31, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE